IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA PICKENS, | ) | CASE NO.: 1:07-CV-02585 |
| | ) | |
| Plaintiff, | ) | JUDGE: BOYKO |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE HEMANN |
| | ) | |
| GIANT EAGLE INC. Correctly, | ) | **DEFENDANTS' ANSWER TO** |
| Denominated RISER FOODS COMPANY | ) | **AMENDED COMPLAINT** |
| d/b/a GIANT EAGLE | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TOD GRIMM | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LARANE HULSMAN | ) | |
| | ) | |
| Defendants. | ) | |

NOW COME Defendants by and through their counsel, Littler Mendelson, and for their Answer to the Amended Complaint state as follows:

### FIRST DEFENSE

1. Defendants admit Paragraph 1 of Plaintiff Amended Complaint.

2. Defendants deny Paragraph 2 of Plaintiff's Amended Complaint.

3. Defendants deny Paragraph 3 of Plaintiff's Amended Complaint and state that the true name of the Defendant is Riser Foods Company d/b/a Giant Eagle ("Giant Eagle") with its principal place of business located at 5300 Richmond Road, Bedford Heights, OH 44146.

4. Defendants admit Paragraph 4 of Plaintiff's Amended Complaint.

5. Defendants admit Paragraph 5 of Plaintiff's Amended Complaint.

6. Defendants deny Paragraph 6 of Plaintiff's Amended Complaint and state that Defendant Giant Eagle is an employer within the meaning of Chapter 4112 of the Ohio Revised Code.

7. Defendants deny Paragraph 7 of Plaintiff's Amended Complaint.

8. Defendants deny all of the allegations of Paragraph 8 of Plaintiff's Amended Complaint except such allegations as have been expressly admitted.

9. Defendants deny Paragraph 9 of Plaintiff's Amended Complaint.

10. Defendants deny Paragraph 10 of Plaintiff's Amended Complaint.

11. Defendants deny Paragraph 11 of Plaintiff's Amended Complaint.

12. Defendants deny Paragraph 12 of Plaintiff's Amended Complaint.

13. Defendants deny Paragraph 13 of Plaintiff's Amended Complaint.

14. Defendants deny Paragraph 14 of Plaintiff's Amended Complaint.

15. Defendants deny Paragraph 15 of Plaintiff's Amended Complaint.

16. Defendants deny Paragraph 16 of Plaintiff's Amended Complaint.

17. Defendants deny Paragraph 17 of Plaintiff's Amended Complaint.

18. Defendants deny all of the allegations of Paragraph 18 of Plaintiff's Amended Complaint except such allegations as have been expressly admitted.

19. Defendants deny Paragraph 19 of Plaintiff's Amended Complaint except that they admit that on September 6, 2005 Plaintiff processed a grievance complaining about alleged discriminatory practices. In fact here were no such discriminatory practices.

20. Defendants deny Paragraph 20 of Plaintiff's Amended Complaint.

21. Defendants deny Paragraph 21 of Plaintiff's Amended Complaint.

Firmwide:83001802.1 056010.1020

22. Defendants deny Paragraph 22 of Plaintiff's Amended Complaint.

23. Defendants deny Paragraph 23 of Plaintiff's Amended Complaint.

24. Defendants deny Paragraph 24 of Plaintiff's Amended Complaint.

25. Defendants deny Paragraph 25 of Plaintiff's Amended Complaint.

26. Defendants deny Paragraph 26 of Plaintiff's Amended Complaint.

27. Defendants deny all of the allegations of Paragraph 27 of Plaintiff's Amended Complaint, except such allegations as have been expressly admitted.

28. Defendants deny Paragraph 28 of Plaintiff's Amended Complaint.

29. Defendants deny Paragraph 29 of Plaintiff's Amended Complaint.

30. Defendants deny Paragraph 30 of Plaintiff's Amended Complaint.

31. Defendants deny Paragraph 31 of Plaintiff's Amended Complaint.

32. Defendants deny all allegations not expressly admitted.

33. Defendants deny that Plaintiff is entitled to any of the relief or damages that she requests, and all allegations in the "Conclusion" of the Amended Complaint.

## SECOND DEFENSE

34. Defendants incorporate by reference all of the statements made in their First Defense as if fully rewritten herein and further state:

35. Plaintiff's invasion of privacy claims are completely preempted under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185, which covers suits for alleged violation of a collective bargaining agreement.

## THIRD DEFENSE

36. Defendants incorporate by reference all of the statements made in their first two defenses as if fully rewritten herein and further state:

Firmwide:83001802.1 056010.1020

37. All actions taken by Defendants were taken in good faith under the applicable CBA and all actions taken by Defendants were taken for just cause under the applicable CBA. Plaintiff was terminated from employment in accordance with all applicable federal and state laws. Plaintiff was terminated for legitimate, non-discriminatory business reasons. Excerpts from the CBA have been attached to the Defendants' Notice of Removal. A copy of the complete CBA can be furnished upon request.

## FOURTH DEFENSE

38. Defendants incorporate by reference all of the statements made in the first three defenses as if fully rewritten herein and further state:

39. Plaintiff is bound by the final determination under the CBA by having not processed her grievance beyond initial submission.

## FIFTH DEFENSE

40. Defendants incorporate by reference all of the statements made in the first four defenses as if fully rewritten herein and further state:

41. Plaintiff is precluded from recovery by an inability to demonstrate that her Union Local 880 breached any duty of fair representation to her. Plaintiff has failed to allege any predicate acts as to any of such breach by Local 880 which allegations are a prerequisite to recovery in this type of case.

## SIXTH DEFENSE

42. Defendants incorporate by reference all of the statements made in the first five defenses as if fully rewritten herein and further state:

43. By virtue of Plaintiff's membership in the United Food and Commercial Workers Local Union No. 880, and her employment under the CBA between the Union and Giant Eagle,

Plaintiff expressly consented to the rules and regulations for the submission and processing of medical information relating to medical leaves as well as to all investigations of her conduct for violation of the rules and regulations of the Company implemented under the CBA. Plaintiff expressly and tacitly consented and willingly subjected herself to any communication of medical information in this case. Plaintiff consented to the grievance and discipline mechanisms under the CBA.

### SEVENTH DEFENSE

44. Defendants incorporate by reference all of the statements made in the first six defenses as if fully rewritten herein and further state:

45. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### EIGHTH DEFENSE

46. Defendants incorporate by reference all of the statements made in the first seven defenses as if fully rewritten herein and further state:

47. Plaintiff is estopped by her own conduct from claiming any right to relief and has waived any right to relief.

### NINTH DEFENSE

48. Defendants incorporate by reference all of the statements made in the first eight defenses as if fully rewritten herein and further state:

49. Subject to further discovery Plaintiff may be precluded from recovery by failure to mitigate damages.

Firmwide:83001802.1 056010.1020

## TENTH DEFENSE

50. Defendants incorporate by reference all of the statements made in the first nine defenses as if fully rewritten herein and further state:

51. Plaintiffs' claims are barred by the applicable statute of limitations and by federal common law limitations on actions.

## ELEVENTH DEFENSE

52. Defendants incorporate by reference all of the statements made in the first ten defenses as if fully rewritten herein and further state:

53. Plaintiff's claims are barred by the doctrine of laches which should be in equity bar her claims.

## TWELFTH DEFENSE

54. Defendants incorporate by reference all of the statements made in the first eleven defenses as if fully rewritten herein and further state:

55. Defendants reserve the right to amend their affirmative defenses as additional facts become known during the course of discovery.

## THIRTEENTH DEFENSE

56. Defendants incorporate by reference all of the statements made in the first twelve defenses as if fully rewritten herein and further state:

57. Plaintiff is not entitled to recovery of attorneys' fees. Plaintiff's claims for compensatory damages are subject to the limitations of O.R.C. §2315.18. Plaintiff's claims for punitive damages are subject to the limitations of O.R.C. §2315.21. Giant Eagle requests a bifurcated trial as provided in O.R.C. §2315.21.

Firmwide:83001802.1 056010.1020

## FOURTEENTH DEFENSE

58. Defendants incorporate by reference all of the statements made in the first thirteen defenses as if fully rewritten herein and further state:

59. Any communication of Plaintiff's medical records was privileged and pursuant to and in the scope of the duty of the Defendants' personnel involved.

## FIFTEENTH DEFENSE

60. Defendants incorporate by reference all of the statements made in the first fourteen defenses as if fully rewritten herein and further state:

61. Defendant Giant Eagle reasonably accommodated Plaintiff's medical condition. Any inquiries or use of any medical information pertaining to the Plaintiff were job related and consistent with business necessity and required by other federal laws.

WHEREFORE, Defendants pray that Plaintiff's Amended Complaint be dismissed at her costs and that the Defendants be granted their reasonable attorneys' fees and costs in defending against this action.

Respectfully submitted,

*s/Mark V. Webber*
Frank W. Buck (0017864)
Robert M. Wolff (0006845)
Mark V. Webber (0007544)
LITTLER MENDELSON
1100 Superior, 20th Floor
Cleveland, OH 44114
(216) 696-7600
(216) 696-2038
fbuck@littler.com
rwolff@littler.com
mvwebber@littler.com

August 31, 2007                    Attorneys for all Defendants

Firmwide:83001802.1 056010.1020

## CERTIFICATE OF SERVICE

A copy of the foregoing *Defendants' Answer to Amended Complaint* was filed with the Court electronically this 31st day of August, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Mark V. Webber*
Mark V. Webber
One of the Attorneys for all Defendants

Firmwide:83001802.1 056010.1020